UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBEN MENDEZ DOMINGUEZ, et al., <br><br> Petitioners, <br><br> v. <br><br> LAURA HERMOSILLO, et al., <br><br> Respondents. | Case No. 2:25-cv-02337-TMC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in 2025, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 1–20; Dkt. 4 ¶ 2; Dkt. 5 ¶ 2; Dkt. 6 ¶ 2; Dkt. 7 ¶¶ 2–3; Dkt. 8 ¶¶ 2–3; Dkt. 9 ¶¶ 2–3. Petitioners Ruben Mendez Dominguez and Juan DeLeon Siquina each requested a bond hearing before an Immigration Judge ("IJ"), and both were denied on the basis that they were subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 3-3 at 2; Dkt. 16-1 at 2. DeLeon Siquina's request was additionally denied based on the IJ's determination that he presents a flight risk or danger to the community. Dkt. 16-1 at 2. Mendez Dominguez received bond in the alternative in the amount of $2,500. Dkt. 3-3 at 2–3. Petitioners Ramiro Fernandez Paz, Alfredo

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

Gonzalez Hernandez, Alejandro Sanchez Murillo, Norberto Torres Orozco, Francisco Bernal Bernal, Margarito Santaella Vega, and Benito Hernandez Martinez have not yet received bond rulings. *See* Dkt. 1 ¶¶ 7–20; Dkt. 4 ¶ 7; Dkt. 5 ¶ 7; Dkt. 6 ¶ 7; Dkt. 7 ¶ 6; Dkt. 8 ¶ 6; Dkt. 9 ¶ 6; Dkt. 15 at 4.

On November 20, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 40–44. On December 5, Federal Respondents filed a return to the habeas petition. Dkt. 15. On December 8, Petitioners filed a traverse. Dkt. 17. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus as to Mendez Dominguez, Fernandez Paz, Gonzalez Hernandez, Sanchez Murillo, Torres Orozco, Bernal Bernal, Santaella Vega, and Hernandez Martinez. The Court DENIES the petition as to DeLeon Siquina.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention

> under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 40–44. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 15 at 3.

As Federal Respondents note, even under § 1226(a)'s discretionary detention provision, DeLeon Siquina is lawfully subject to detention based on the IJ's determination that he presents a flight risk or danger to the community. *Id.* at 4. Because his detention does not violate the Constitution or laws of the United States, habeas relief is not available to DeLeon Siquina at this time. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

As for the remaining Petitioners, the only basis for their detention is the mandatory detention provision of § 1225(b)(2). The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that they are subject to discretionary detention under § 1226(a). *See Rodriguez*

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 3

*Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Mendez Dominguez, Fernandez Paz, Gonzalez Hernandez, Sanchez Murillo, Torres Orozco, Bernal Bernal, Santaella Vega, and Hernandez Martinez have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV.  CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Ruben Mendez Dominguez, Ramiro Fernandez Paz, Alfredo Gonzalez Hernandez, Alejandro Sanchez Murillo, Norberto Torres Orozco, Francisco Bernal Bernal, Margarito Santaella Vega, and Benito Hernandez Martinez. The petition for writ of habeas corpus is DENIED as to Petitioner Juan DeLeon Siquina.

2. Within ONE day of this Order, Respondents must either release Petitioner Ruben Mendez Dominguez or allow his release upon payment of the alternative bond amount of $2,500 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3. Within fourteen days of receiving Petitioner Ramiro Fernandez Paz's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4. Within fourteen days of receiving Alfredo Gonzalez Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5. Within fourteen days of receiving Alejandro Sanchez Murillo's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6. Within fourteen days of receiving Norberto Torres Orozco's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7. Within fourteen days of receiving Francisco Bernal Bernal's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 4

8. Within fourteen days of receiving Margarito Santaella Vega's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9. Within fourteen days of receiving Benito Hernandez Martinez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 10th day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 5